### KESSLER v YOUNGSTOWN (city)

Ohio Appeals, 7th Dist, Mahoning Co

No 2490. Decided Oct 21, 1938

Abe Levin, Youngstown, and Jos. Cronin, Youngstown, for plaintiff-appellant.

H. H. Hunt, Youngstown, for defendant-appellee.

### OPINION

By BENNETT, J.

The plaintiff sued the City of Youngstown for personal injuries arising from a fall which she received on Poland Avenue in that city. The fall occurred at a time when the sidewalk was covered with ice or with ice and snow and things were so slippery that one of the men who attempted to help her get on her feet, slipped and was injured himself. The defect in the sidewalk of which she complains was not a bad one, but consisted in a relatively slight difference in level between two adjacent flagstones. The plaintiff's testimony was quite indefinite as to just how the accident occurred. According to her story, she was stepping from the higher of these two stones to the lower one and consequently the accident did not involve a question of catching a toe and stumbling. There was no testimony as to the condition of the depression at the time of the accident, as to whether it was filled with the ice which apparently covered everything else. The plaintiff had lived in the neighborhood for years and was well acquainted with this stretch of sidewalk.

Not only was the plaintiff's own testimony far from clear as to the precise cause of her fall and the connection of the defect in the sidewalk with the fall, but there were two witnesses who testified that the location of the place where she fell was some twenty-five feet away from the spot where the flagstones were un-

even and at a place where the sidewalk was in good condition. It is true that neither of these witnesses saw the plaintiff fall but their testimony would prove, circumstantially at least, the different location of the accident. The jury returned a verdict for the defendant on which judgment was entered.

The only error complained of is the claim that the verdict and judgment are manifestly against the weight of the evidence. We are unable to reverse the judgment or this ground.

Judgment affirmed.

NICHOLS, PJ, and CARTER, J, concur.